FILED

**NOT FOR PUBLICATION**

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWINDER SINGH,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney<br>General,<br><br>     Respondent. | Nos. 14-72459<br>    15-71486<br><br>Agency No. A200-957-165<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2017
San Francisco, California

Before:  W. FLETCHER and PAEZ, Circuit Judges, and WILKEN,** District
Judge.

Petitioner Balwinder Singh appeals the Board of Immigration Appeals'

decision affirming the Immigration Judge's ("IJ") adverse credibility

determination.  We have jurisdiction under 8 U.S.C. § 1252.  As Singh's

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

application was filed after May 11, 2005, the REAL ID Act standards governing adverse credibility decisions control.  8 U.S.C. § 1158(b)(1)(B).

1.	*Inconsistent Testimony.*  We explained in *Shrestha v. Holder* that an IJ "should consider [] the petitioner's explanation for a perceived inconsistency, and other record evidence that sheds light on whether there is in fact an inconsistency at all."  590 F.3d 1034, 1044 (9th Cir. 2010) (internal citation omitted).  Further, an IJ must provide an opportunity for an asylum applicant to explain an inconsistency and must not draw an adverse inference without considering the applicant's explanation. *Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014). The IJ and the BIA erred by failing to consider Singh's explanation that his listing of the incorrect date of his marriage on his asylum application was an oversight and that Singh did not know why his family in India had notarized his passport copy.  The IJ also never inquired as to why Singh initially testified that he had worked for one candidate in the 2009 MP elections before correcting himself to provide the right candidate's name.  Additionally, during the discussion over whether Singh said that "landowners" or "the government" were denying him fair prices for crops, Singh attempted to speak, presumably to clarify the discrepancy, but the IJ cut him off.  The IJ also did not ask why Singh first testified that he joined the Mann party

in August 2009 and then, after Singh's attorney requested clarification, stated that he joined in January 2009.

Under the REAL ID Act, minor inconsistencies may be considered when evaluating an applicant's credibility, but inconsistencies must not be trivial. *Shrestha*, 590 F.3d at 1043. We have held that minor discrepancies in dates that "cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility." *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011). Several of the inconsistencies relied on by the IJ and adopted by the BIA were trivial discrepancies in dates, including the incorrect year of his marriage and the incorrect date that he joined the Mann party. The IJ did not give Singh an opportunity to explain the remaining inconsistencies and did not consider whether they could be better explained by language barriers or interpreter problems. *Cf. Arulampalam v. Ashcroft*, 353 F.3d 679, 687 (9th Cir. 2003) (warning that the IJ should consider the petitioner's "cultural and educational background" and potential language barriers and interpretation problems in appraising the petitioner's demeanor). Both the BIA and IJ erred by relying on all of the above inconsistencies in concluding that Singh did not testify credibly.

**2.** *Lack of Corroborative Evidence.* The BIA also affirmed the IJ's adverse credibility finding on the basis of Singh's failure to produce sufficient

3

corroborative evidence of his identity. The REAL ID Act contains specific rules that govern when an IJ can require an applicant to provide evidence corroborating his testimony. 8 U.S.C. § 1158(b)(1)(B)(ii). Notice must be given to the applicant that corroborative evidence is required and the applicant must be given an opportunity to produce or explain why such evidence may not be available. *Zhi*, 751 F.3d at 1094. In this case, the IJ complied with the notice requirement when he requested that Singh present originals of his identity documents at a future merits hearing. Singh was not able to produce the original documents the IJ requested and explained why he could not do so. If the applicant "does not have such evidence and cannot reasonably obtain the evidence" then he need not provide corroboration. *See Ren*, 648 F.3d at 1090. Neither the BIA nor the IJ considered this standard when considering Singh's identity documents, i.e. his passport and driver's license, which was contrary to the corroboration requirements under the REAL ID Act. *Id.*

**3.** *Demeanor.* Finally, the BIA relied on the IJ's demeanor findings in affirming the negative credibility decision. We "give special deference to a credibility determination that is based on demeanor." *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (internal quotation marks omitted). Demeanor findings, however, must specifically refer to the non-credible aspects of the applicant's

4

demeanor.  *Arulampalam*, 353 F.3d at 686.  In her decision, the IJ pointed to Singh's nervousness at several occasions, one of which was when Singh was discussing his work for the Mann party.  This was not sufficiently specific as Singh's work for the Mann party was referenced numerous times during Singh's several hearings.  The IJ, however, was sufficiently specific when she observed Singh's panicked expression when he was asked about the notary stamps on the photocopy of his passport.  The BIA properly deferred to this demeanor finding although the IJ did not specifically note her concerns with Singh's demeanor during the hearing.  *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017).  The IJ's observations of Singh's hesitation before answering some questions, too, were sufficiently specific.

In *Manes*, we recently upheld an adverse credibility determination.  In doing so, we again emphasized the deference due to demeanor findings and that while such findings must be specific, they need not be apparent from the hearing transcript.  In that case, however, we found that the "IJ properly considered the totality of the circumstances." *Id.* at 1263.  We ultimately concluded that substantial evidence supported the IJ's determination that there were inconsistencies between Manes' testimony and certain documentary evidence, and that those inconsistencies were not trivial. *Id.* at 1265.  We noted that a political

party roster listing Manes as a 25-year-old female rather than a 22-year-old male was not trivial. *Id.* In contrast, in this case, either the inconsistencies noted by the IJ were trivial—such as Singh's application listing the wrong date of marriage by one year—or Singh was not provided with an opportunity to explain them, as discussed above. Although *Manes* forecloses Singh's argument that demeanor must be apparent on the face of the hearing transcript, Singh's case is distinguishable from *Manes* in other significant respects.

4.     *Relief.* Under the REAL ID Act, an IJ must make her decision taking into consideration the totality of the circumstances. 8 U.S.C. § 1158(b)(1)(B)(iii). As discussed above there are legal errors in the IJ's and BIA's negative credibility determination. The IJ stated that demeanor findings "may be [a] somewhat less reliable factor[]" and that she was "looking at all the above factors together" in finding that Singh was not a credible witness. The BIA deferred to the IJ's demeanor findings, which we understand to include the IJ's explanation that she did not rely solely on demeanor and that demeanor findings are "somewhat less reliable." *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (evaluating an adverse credibility decision by addressing the grounds relied upon by the BIA in light of the rationale articulated by the IJ in support of those grounds).

6

The BIA's decision was considered within the context of the IJ's other determinations, which, as discussed above, suffer from legal error. In light of these circumstances, it is not clear whether the IJ's demeanor findings alone constitute sufficient evidence to support the IJ's adverse credibility finding. Thus, we remand this case to the BIA with instructions to remand to the IJ for a hearing to give Singh the opportunity to explain the inconsistencies she found and to make a new determination of Singh's credibility that is consistent with this disposition. *Cf. Smolniakova v. Gonzales*, 422 F.3d 1037, 1054 (9th Cir. 2005). Accordingly, in case number 14-72459, we grant Singh's petition for review and remand to the BIA for further proceedings consistent with this disposition.

5.  *Case No. 15-71486.* In case number 15-71486, Singh challenges the BIA's refusal to exercise sua sponte its discretion to reopen his proceedings. In *Mejia-Hernandez*, we held that we lacked jurisdiction to review the BIA's sua sponte decision to deny the petitioner's motion to reopen because there is no "meaningful standard by which to judge satisfaction of the 'exceptional circumstances' test." 633 F.3d 818, 824 (9th Cir. 2011). Singh conceded in his reply brief that we lack jurisdiction. We therefore dismiss Singh's petition regarding his motion to reopen for lack of jurisdiction.

Case No. 14-72459: **GRANTED AND REMANDED.**

7

Case No. 15-71486:  **DISMISSED.**