**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELIZAR EFRAIN ROSALES CRUZ, | No. 15-71776 |
| Petitioner, | Agency No. A088-038-993 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2018**
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,*** District Judge.

Petitioner Elizar Efrain Rosales Cruz (Cruz) petitions for review of the

decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

denial of his application for withholding of removal.[1] Cruz contends that the adverse credibility determination made by the Immigration Judge (IJ) was not supported by substantial evidence. Cruz also asserts that the BIA erred in holding that he failed to establish a clear probability of persecution by Guatemalan gang members on account of a protected ground if returned to Guatemala.

Substantial evidence supports the IJ's adverse credibility determination based on Cruz's demeanor and rote answers to questions concerning his alleged persecution. The IJ determined that Cruz "always responded in a manner suggesting that he had memorized his answers and his account of events." The IJ emphasized that Cruz's answers were "very superficial, very general in manner." The IJ also noted that Cruz's testimony regarding his assault by individuals riding motorcycles was "implausible, given the details related . . . and the distance between [Cruz] and the individuals who were chasing him, the time of night, and the manner in which they were chasing him." The IJ "properly considered the totality of the circumstances," and provided the requisite "specific and cogent reasons" to support his adverse credibility determination. *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017).

---

[1] Cruz did not challenge denial of protection under the Convention Against Torture (CAT).

Substantial evidence also supports the determination that Cruz failed to establish the requisite nexus between his religious beliefs and persecution by gang members. Cruz's vague testimony did not establish that he was persecuted on account of his religion. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009), *as amended* (holding that petitioner failed to demonstrate that "he was persecuted on account of a protected ground" based on a lack of evidence).

Finally, substantial evidence supports the BIA's conclusion that Cruz failed to sufficiently explain why he would be persecuted in Guatemala based on the purported murder of his cousin by gang members. A review of Cruz's vague and conclusory testimony supports the BIA's determination. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) (explaining that well-founded fear of future persecution "requires credible, direct, and specific evidence that the petitioner faces an individualized risk of persecution") (citations and internal quotation marks omitted).

**PETITION DENIED.**