**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YAOWEI HOU,

Petitioner,

v.

MATTHEW G. WHITAKER,
Acting Attorney General,

Respondent.

No. 16-71203

Agency No. A089-970-909

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2019[**]
San Francisco, California

Before: WALLACE, CLIFTON, and FRIEDLAND, Circuit Judges.

Petitioner Yaowei Hou, a native and citizen of the People's Republic of

China ("PRC"), petitions for review of the Board of Immigration Appeals' order

affirming the immigration judge's denial of his application for asylum, withholding

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture. We deny the petition.

Hou contends the BIA's decision affirming the IJ's adverse credibility determination was not supported by substantial evidence. We disagree. Credibility assessments are made "based on the 'totality of the circumstances' and 'all relevant factors.'" *Bingxu Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Id.* (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010)).

The IJ determined Hou's testimony appeared "rehearsed or rote, rather than a recollection of actual experiences in the PRC." The IJ noted Hou's allegations of extreme mistreatment over a one-week period conflicted with his later testimony that his wounds were not serious enough to warrant medical treatment. The IJ found Hou's testimony that he was subject to police supervision inconsistent with the facts that Chinese authorities excused him from a mandatory reporting meeting, allowed him to travel to Beijing to attend a visa interview, and granted him permission to leave the country. Hou's attendance at a Spanish congregation despite not speaking the language, his failure to tell his pastor about his religious persecution, and his decision to be baptized only after his case was referred to

immigration court led the IJ to determine Hou's religious activity in the United States was done "primarily to support his pending asylum request." We therefore conclude there was substantial evidence to support the adverse credibility determination. *See Manes v. Sessions*, 875 F.3d 1261, 1263-64 (9th Cir. 2017).

With Hou's testimony properly rejected, the only other evidence relevant to Hou's fear of persecution was general background information concerning conditions in the PRC. Although individuals deemed "politically sensitive" may face difficulties there, the IJ noted that Hou failed to connect that information to his situation, since it appeared he was able to travel within and leave the PRC without great difficulty. We thus also conclude substantial evidence supports the BIA's conclusion that Hou failed to demonstrate eligibility for asylum. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (upholding BIA's decision based on a lack of evidence). Because Hou failed to meet the burden of proof for his asylum claim, he is unable to satisfy the higher "clear probability" of persecution standard to be eligible for mandatory withholding of removal. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

For the same reasons, we conclude substantial evidence supports the BIA's conclusion that Hou failed to demonstrate it was more likely than not that he would

3

be tortured upon returning to the PRC and was therefore ineligible for CAT

protection.

**PETITION FOR REVIEW DENIED.**