**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIVALSON GEFFRARD,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70445

Agency No. A209-875-470

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2019
Pasadena, California

Before:  RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,[**] District
Judge.

Sivalson Geffrard (Petitioner), a native and citizen of Haiti, petitions for

review of the order of the Board of Immigration Appeals (Board) summarily

affirming the denial of his application for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

protection under the Convention Against Torture (CAT). We review the decision of the Immigration Judge (IJ) when the Board summarily affirms that decision. *See Ming Dai v. Sessions*, 884 F.3d 858, 866 (9th Cir. 2018).

We review factual findings, including adverse credibility determinations, for substantial evidence, and we may reverse only when "the evidence not only supports a contrary conclusion, but compels it." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation, alteration, and internal quotation marks omitted).

Given the "healthy measure of deference to agency credibility determinations" that the REAL ID Act requires, *id.* (citation and internal quotation marks omitted), we conclude that substantial evidence supports the adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) (upholding adverse credibility finding where inconsistency was relevant to "the crux of [petitioner's] application for relief").

The record establishes that Petitioner was inconsistent about the timing of the attack that led to his departure, and he failed to explain that inconsistency. *See Don v. Gonzales*, 476 F.3d 738, 742 (9th Cir. 2007) (explaining that inconsistencies regarding timing of events leading up to petitioner's departure are not trivial). In his credible fear interview and asylum application, Petitioner stated

2

that he was attacked by a mob "the same day" as the day his partner was killed. Yet, Petitioner testified at his merits hearing that the mob "attempted to kill [him]," when it returned "two days later." Petitioner also testified inconsistently that the mob searched for him on December 9, 2014, and returned for him on December, 12, 2014, three days later.

Petitioner also conceded that he told a Customs and Border Patrol officer that he did not fear persecution if returned to Haiti. His statement corroborates the adverse credibility determination because Petitioner made the statement while unaware of the evidence needed to support an asylum claim.

Because substantial evidence supports the adverse credibility determination, Petitioner is ineligible for asylum and withholding of removal.[1] *See Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017) (upholding denial of asylum based on adverse credibility determination); *see also Guo v. Sessions*, 897 F.3d 1208, 1213 n.3 (9th Cir. 2018) ("[F]ailure to satisfy the lower standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation.") (citation and alteration omitted).

---

[1] Because we hold that Petitioner is ineligible for asylum and withholding of removal, we need not decide whether Petitioner was firmly resettled. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

The IJ properly denied Petitioner's CAT claim because it is predicated on the same evidence that the IJ did not find credible, and the United States Department of State country report (Country Report) alone does not compel the conclusion that Petitioner would more likely than not be tortured if returned to Haiti. *See Angov v. Lynch*, 788 F.3d 893, 910 (9th Cir. 2015) (affirming denial of CAT relief where petitioner was not credible and did not present other evidence showing it was more likely than not that he would be tortured upon return). The Country Report mentions hostile social attitudes toward "outward LGBTI [lesbian, gay, bisexual, transgender, and intersex] identification and expression." The Country Report also notes that the Haitian National Police were not consistently willing to document or investigate LGBTI persons' claims of abuse, and that "the police themselves were afraid of repercussions from their own community if they were seen to be supporting the claims of LGBTI victims." However, the Country Report further stated that the Haitian government "specifically trained new officers on crimes commonly committed against the LGBTI community," and that there were no reports of police officers "actively perpetrating or condoning violence against members of the [LGBTI] community." Petitioner also stated that he had not been harmed by Haitian government officials or police officers. *Cf. Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008)

4

(determining that a likelihood of torture existed where the government was involved in the torture of gay men, homosexuality was criminalized, and the government acquiesced in the torture of gay men by others).

**PETITION DENIED.**

*Silvalson Geffrard v. William Barr*, No. 18-70445

MURGUIA, Circuit Judge, concurring in part and dissenting in part:

I agree with my colleagues that Petitioner is ineligible for asylum—not because the adverse credibility determination is supported by substantial evidence but because the firm resettlement bar applies. However, as to withholding of removal and relief under CAT, I would reverse and remand for further proceedings because the IJ's adverse credibility finding is not supported by substantial evidence.

The IJ's adverse credibility determination was based on three apparent inconsistencies: 1) Petitioner's testimony regarding the date of the attack, 2) whether Petitioner and his boyfriend "came out" as gay men, and 3) Petitioner's initial statement at the border that he had no fear of returning to Haiti. In my view, the first is trivial, the second is wholly unfounded, and the third was adequately explained. Indeed, even the majority disregards the second "inconsistency," and the IJ concedes that if the "only inconsistency in this case would have been the [third inconsistency], the Court would not make an adverse credibility finding." This leaves only the first "inconsistency" regarding the date of the attack.

The IJ and the majority find Petitioner not credible because, in his oral

testimony, Petitioner said that the mob attacked him on December 12, but in his written testimony, he said the mob attacked him on December 9. The IJ points out that, in one story, the angry mob went to Petitioner's mother's home on December 9 but did not find Petitioner, and therefore returned on December 12 to attack him. In the second version of his story, Petitioner returned to his mother's home on December 9 and was attacked that same day. The IJ and the majority find this minor date discrepancy detrimental to Petitioner's application. I find it trivial. *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (reversing the IJ's adverse credibility determination because it was based on trivial inconsistencies); *see also Zhi v. Holder*, 751 F.3d 1088, 1091-92 (9th Cir. 2014) ("[W]e conclude that substantial evidence does not support the BIA's determination that the conflict in dates resulted in a legally significant discrepancy in the evidence."); *Singh v. Gonzales*, 403 F.3d 1081, 1090-91 (9th Cir. 2005) (in a pre-REAL ID Act case, the Court held that a minor discrepancy in dates could not support an adverse credibility determination).

Other than mixing up the dates, Petitioner's rendition of the horrifying events leading to his flight from Haiti is consistent: Petitioner was visiting with a friend when an angry mob murdered his boyfriend by stoning him and hitting him with batons. Whether on December 9 or December 12, the mob found Petitioner

at his mother's home and attempted to cut him with a knife; Petitioner survived because he fled to his brother's house. We know that "victims of abuse 'often confuse the details of particular incidents, including the time or dates of particular assaults and which specific actions occurred on which specific occasion.'" *Ren*, 648 F.3d at 1085-86 (citation omitted). And no one can conclude that Petitioner was attempting to enhance his claims by placing the attack on December 9 versus December 12, or vice versa. *Id.* at 1086 ("As we have repeatedly held, 'minor discrepancies in dates that . . . cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility.'" (citation omitted)). Considering the totality of the circumstances—as the IJ was bound to do and as we are bound to do on appeal—I cannot conclude that this trivial discrepancy provides substantial evidence to make an adverse credibility finding. Therefore, I respectfully dissent in part.