**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CRUZ-PINEDA; JHONATAN MARTIN RODRIGUEZ-CRUZ,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   16-72375<br><br>Agency Nos.   A202-027-802<br>A202-027-803<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2019**
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and VITALIANO,*** District Judge.

Maria Cruz-Pineda and her minor son—whose claim is derivative of his

mother's—are natives and citizens of El Salvador.  They seek review of the Board

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

of Immigration Appeals' (BIA) final removal order, dismissing their appeal from the Immigration Judge's (IJ) decision denying them asylum and withholding of removal. Cruz did not appeal the IJ's denial of protection under the Convention Against Torture to the BIA; therefore, to the extent Cruz raises it now, this court does not have jurisdiction to review the IJ's denial of relief on this basis. *See* 8 U.S.C. § 1252(d)(1) (this court may review final orders of removal "only if" the alien has exhausted "all administrative remedies"). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

The BIA properly affirmed the IJ's denial of relief on adverse credibility grounds. *See Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010) (stating the standard of review). The BIA and IJ cited "specific and cogent reasons" for finding Cruz not credible. *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). For example, the BIA and IJ identified "significant inconsistencies in [Cruz's] testimony related to the alleged threats made by gang members," including which gang targeted her family and what they demanded. Substantial evidence supports the grounds relied on by the BIA to affirm the IJ's adverse credibility determination.

**PETITION FOR REVIEW DENIED**.