**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUANHUI XING,

      Petitioner,

v.

WILLIAM P. BARR, Attorney General,

      Respondent.

No.   15-71199

Agency No. A088-574-959

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2019[**]
San Francisco, California

Before:  BYBEE, N.R. SMITH, and COLLINS, Circuit Judges.

Petitioner Chuanhui Xing is a native and citizen of the People's Republic of

China.  He petitions for review of the Board of Immigration Appeals's (BIA)

decision (1) affirming the immigration judge's (IJ) denial of asylum, withholding

of removal, and Convention Against Torture (CAT) protection and (2) rejecting

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Xing's claim that an inability to understand his interpreter denied him due process before the immigration court. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252. "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotation marks and citations omitted). We will uphold the BIA's factual findings unless "the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Id*. (alteration in original). We review due process claims de novo. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

1. The BIA did not err in affirming the IJ's adverse credibility finding. An adverse credibility determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (internal quotation marks and citations omitted). Here, the evidence does not compel a finding that Xing was credible. On several issues, some of which reached the foundation of his claim, Xing's testimony was either internally inconsistent or inconsistent with his prior statements or other documentary evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great

2

weight."). Xing's misstatements concerned important facts such as the year the alleged events occurred, the length of time he remained in hiding, and the existence of documentary evidence. Thus, the adverse credibility determination was supported by substantial evidence, and the record does not compel a contrary result.

2. Xing was not denied due process. "The Fifth Amendment guarantees due process in [removal] proceedings," including the right "to a full and fair hearing" and "a reasonable opportunity to present evidence." *Colmenar*, 210 F.3d at 971. To establish a violation of this right, an alien facing removal must show two things: first, that the proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case," and second, that the alien suffered "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Id*. (internal quotation marks and citations omitted). Xing fails to satisfy either requirement. The record does not reflect that Xing had difficulty understanding his interpreter in immigration court. To the contrary, the record shows that in multiple instances, both Xing and his attorney conveyed to the IJ that they were satisfied with the interpreter's performance. Further, Xing has not identified any material evidence that he was unable to present due to interpreter error, nor has he shown how the outcome would have

3

differed with a different interpreter.  Thus, Xing has not shown he was denied due process by an inability to communicate with his interpreter, if such inability existed at all.

   **PETITION DENIED.**