FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



DEC 06 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASPREET SINGH, | No.  15-72012 |
| Petitioner, | Agency No. A200-945-525 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2019<sup>**</sup>
Seattle, Washington

Before:  D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Jaspreet Singh (Singh), a native and citizen of India, petitions for review of a

decision of the Board of Immigration Appeals (the BIA) dismissing his appeal

from the denial of his application for asylum, withholding of removal, and relief

---

<sup>*</sup>       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the adverse credibility determination made by the Board for substantial evidence.  *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014), *as amended*.

**1.**     Substantial evidence supported the adverse credibility determination, namely major inconsistencies between Singh's testimony and his statements from prior interviews.  *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017).

One major inconsistency related to whether Singh's parents remained in India.  During an interview with a border agent in 2010, Singh stated that his parents resided in India.  In a declaration supporting his asylum application, however, Singh related that his mother left India for the United States in 2000.  And at the asylum hearing, Singh testified that he last saw his father in India in 2000, and Singh was not in contact with his father after that time.  But in his credible fear interview, Singh noted that members of the National Congress Party (NCP) came to his home in India in 2010, and questioned his father about Singh's whereabouts after Singh left India for the United States.  These inconsistencies went to the heart of Singh's asylum and withholding of removal claims, as the basis for the asserted persecution was his father's membership in the Akali Dal

Mann Party. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010). The Immigration Judge (IJ) was not compelled to accept Singh's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011).

Substantial evidence also supported the IJ's demeanor findings. *See Manes*, 875 F.3d at 1263. The IJ specifically noted that Singh hesitated, licked his lips, and looked down when questioned about any inconsistencies, rather than quickly responding as he did during his direct testimony. *See id.* "Thus, the IJ's demeanor findings were sufficiently specific and supported by substantial evidence." *Id.* at 1264.

Absent credible testimony, we are not compelled to conclude that Singh was eligible for asylum and withholding of removal. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**2.** Substantial evidence also supported denial of the CAT claim. Singh's CAT claim was predicated on the same testimony that was found not credible, and no additional evidence of torture was presented. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**