FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALAK MANES,<br>*Petitioner*, | No. 14-73313 |
| v. | Agency No.<br>A201-106-391 |
| JEFFERSON B. SESSIONS III, Attorney<br>General,<br>*Respondent.* | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 12, 2017
San Francisco, California

Filed November 27, 2017

Before: J. Clifford Wallace, A. Wallace Tashima,
and Paul J. Watford, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Immigration

The panel denied a petition for review of the Board of Immigration Appeals' decision affirming an immigration judge's adverse credibility determination and denial of asylum, withholding of removal, and protection under the Convention Against Torture.

The panel held that substantial evidence supported the IJ's denial of asylum and withholding of removal relief on adverse credibility grounds, concluding that the IJ's demeanor findings were sufficiently specific, and the Board and IJ provided specific and cogent reasons for why inaccuracies in the documentary evidence, and inconsistencies between petitioner's statements and other evidence of record, undermined his credibility.

The panel held that there was sufficient evidence that the Board considered the country conditions reports, and that substantial evidence supported the Board's determination that the objective evidence of record alone was insufficient to establish eligibility for CAT relief.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Morgan Russell (argued), Anne E. Peterson, and Robert Jobe, Law Office of Robert B. Jobe, San Francisco, California, for Petitioner.

Andrew B. Insenga (argued), Trial Attorney; Douglas E. Ginsburg, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

PER CURIAM:

Malak Manes, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (Board) order affirming an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Manes argues that he was persecuted in India because of his support for the India National Order Lok Dal (INLD), one of the country's opposition political parties. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny Manes' petition.

The Board affirmed the IJ's denial of relief on the basis of the IJ's adverse credibility determination. "Because credibility determinations are findings of fact by the IJ, they 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)). We afford a "healthy measure of deference

to agency credibility determinations," mindful that "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access [sic] on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010).

Under the REAL ID Act, which applies here, "there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Such factors include the alien's "demeanor, candor, or responsiveness." 8 U.S.C. § 1158(b)(1)(B)(iii). Demeanor findings "should specifically point out the noncredible aspects of the petitioner's demeanor." *Shrestha*, 590 F.3d at 1042. The IJ may also consider inconsistencies between the petitioner's statements and other evidence of record. 8 U.S.C. § 1158(b)(1)(B)(iii). "When an inconsistency is cited as a factor supporting an adverse credibility determination, that inconsistency should not be a mere trivial error such as a misspelling, and the petitioner's explanation for the inconsistency, if any, should be considered in weighing credibility." *Shrestha*, 590 F.3d at 1044 (citations omitted). Regardless of the factors relied upon by the IJ, the IJ must provide "specific and cogent reasons" to support an adverse credibility determination. *Id.* at 1042.

Here, the IJ properly considered the totality of the circumstances and supported her adverse credibility determination with specific and cogent reasons. Manes fails to show that the evidence of record compels a contrary result.

We reject Manes' argument that the IJ's demeanor findings were insufficiently precise. The IJ stated that Manes

was "visibly nervous" when confronted with evidence that contradicted his claim and "would move his hands to the extent that his bracelets would make a noise." The IJ also found that Manes' speech was "notably faster" and "had an almost desperate tone" when Manes was responding to confrontations or difficult questions. Moreover, the IJ explained that Manes' anxious demeanor on cross-examination was "in sharp contrast" to his "calm and measured" demeanor on direct, characterizing the contrast as "remarkable." These are specific, first-hand observations—precisely the kind of credibility cues that are the special province of the factfinder. Given the IJ's unique ability to assess first-hand a petitioner's demeanor, "it would be extraordinary for a reviewing court to substitute its second-hand impression of the petitioner's demeanor . . . for that of the IJ." *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005).

Manes contends that the IJ should have commented on Manes' demeanor and credibility at the time of occurrence, so that the transcript would reflect the exact moments during the hearing when the IJ was assessing Manes' demeanor. It is true that in some of our cases a hearing transcript has provided evidence supporting an IJ's demeanor findings. *See, e.g.*, *Huang*, 744 F.3d at 1154–56. But our case law does not require the IJ to conduct a running commentary on the alien's credibility. *See Paredes-Urrestarazu v. U.S. INS*, 36 F.3d 801, 818 (9th Cir. 1994) ("We certainly cannot expect that the factual basis for eye-witness observations always will find support in the hearing transcript."). In fact, we have indicated that an IJ can meet the IJ's obligation to provide "specific examples" of the petitioner's demeanor by making "explicit reference to particular unrecorded aspects of demeanor," *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010), including

"the expression of [the petitioner's] countenance, how he sits or stands, whether he is inordinately nervous, his coloration during critical examination, the modulation or pace of his speech and other non-verbal communication." *Huang*, 744 F.3d at 1153 (quoting *Shrestha*, 590 F.3d at 1042). These are precisely the aspects of Manes' demeanor the IJ referenced here. Thus, the IJ's demeanor findings were sufficiently specific and supported by substantial evidence.

We also reject Manes' argument that the Board did not have substantial evidence to conclude that inconsistencies between his testimony and the documentary evidence of record undermined his credibility. Manes testified he received stitches on his left hand after a March 2009 attack by a knife-wielding assailant. However, Manes submitted a letter purporting to be from the doctor in India who treated him after the March 2009 attack that states only that Manes suffered injuries to his "left arm and left shoulder" and received stitches on his left arm. There is no mention of "hand" in the doctor's letter. This inconsistency bears directly on Manes' claim of persecution, thus permitting the Board to afford it substantial weight. *Shrestha*, 590 F.3d at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

Manes argues this inconsistency cannot support an adverse credibility determination because the doctor's letter is not reliable. We disagree. Manes himself submitted the document to support his claim. The IJ considered the letter along with the other evidence of record and identified an inconsistency between Manes' testimony and the letter. This is precisely the procedure the IJ is expected to follow when considering the totality of the circumstances. *See* 8 U.S.C.

§ 1158(b)(1)(B)(iii). Manes cannot dispel an inconsistency between his testimony and the evidence of record by attempting to discredit the reliability of his own evidence after the fact. Here, the inconsistency between Manes' testimony and the doctor's letter concerning the nature of Manes' only documented physical injury is a specific and cogent reason supporting the IJ's adverse credibility determination.

Substantial evidence also supports the Board and the IJ's determination that issues with Manes' other documentary evidence undermined his credibility. For example, a letter purportedly from an INLD district party chief contained a handwritten edit to the organization's email address. In addition, the INLD voter roster submitted by Manes listed him as a 25-year-old female, rather than his actual age and gender, a 22-year-old male. Of course, "an utterly trivial inconsistency, such as a typographical error, will not by itself form a sufficient basis for an adverse credibility determination." *Shrestha*, 590 F.3d at 1043. But the INLD letter and voter roster speak directly to Manes' claimed basis for persecution—that is, his support of, and membership in, the INLD. Given the relevance of these documents to Manes' claim, even minor issues with the documents may be given substantial weight by the Board. *Id.* at 1046–47.

In sum, the Board's conclusion that the IJ properly denied Manes' asylum and withholding of removal claims on adverse credibility grounds is supported by substantial evidence. The IJ's demeanor findings were sufficiently specific, and the Board and IJ provided specific and cogent reasons for why inaccuracies in Manes' documentary evidence, and inconsistencies between Manes' statements and other evidence of record, undermined his credibility. Because

the Board's adverse credibility determination is supported by substantial evidence, Manes cannot satisfy his burden of proving he is eligible for asylum and withholding of removal.

Finally, we reject Manes' argument that the Board's denial of his application for protection under the CAT must be reversed because the Board did not fully understand the country conditions evidence of record. The Board specifically determined that "[i]n light of the adverse credibility finding, *the objective evidence of record alone* is insufficient" to demonstrate Manes' entitlement to CAT protection. (Emphasis added). The Board then cited the portion of our decision in *Shrestha* discussing the relevance of country conditions reports to a CAT claim. This is sufficient evidence that the Board considered the reports. The reports themselves discuss episodes of ethnic and communal violence in various regions of India, police abuses of power, and incidents where government security forces allegedly tortured insurgents and alleged terrorists. This evidence falls far short of compelling the conclusion that Manes is more likely than not to be tortured if he returns to India. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (explaining that State Department reports alone will compel the conclusion that a petitioner is more likely than not to be tortured only where the reports demonstrate the petitioner would face a "particularized threat" of torture if returned). Therefore, the Board's determination that Manes is not entitled to protection under the CAT is supported by substantial evidence.

For the foregoing reasons, Manes' petition for review of the Board's decision is **DENIED.**