MEMORANDUM * Amandeep Singh (“Singh”) petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). 1. Singh claims that he is a member of the Shiromani Akali Dal, a political party that promotes the establishment of a separate state for Sikhs in India. Singh submits that he participated in rallies, demonstrations, and other politically motivated activities, and as a result encountered three persecutory incidents: once being beaten and threatened with death by civilians belonging to the Badal Party, and twice being arrested, detained, and tortured by Punjabi Police. The Immigration Judge (“IJ”) found Singh not credible, and the BIA upheld that determination. The agency’s credibility determination is supported by substantial evidence. 2. This Court reviews “denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.” Ling Huang v. Holder, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting Garcia-Milian v. Holder, 755 F.3d 1026, 1031 (9th Cir. 2014)) (internal quotation marks omitted). Specifically, we “review factual findings, including adverse credibility determinations, for substantial evidence.” Yali Wang v. Sessions, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting Garcia v. Holder, 749 F.3d 785, 789 (9th Cir. 2014)) (internal quotation marks omitted). This means that the agency’s “findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B). “[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination.” Bingxu Jin v. Holder, 748 F.3d 959, 964 (9th Cir. 2014) (quoting Shrestha v. Holder, 590 F.3d 1034, 1041 (9th Cir. 2010)). 3.Under the REAL ID Act, “there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on ‘the totality of the circumstances’ and ‘all relevant factors.’ ” Ling Huang, 744 F.3d at 1152-53 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Such factors include the alien’s “demeanor, candor, or responsiveness.” 8 U.S.C. § 1158(b)(1)(B)(iii). Demeanor findings “should specifically point out the noncredible aspects of the petitioner’s demeanor.” Shrestha v. Holder, 590 F.3d 1034, 1044 (9th Cir. 2010). The IJ may also consider inconsistencies between the petitioner’s statements and other evidence in the record. 8 U.S.C. § 1158(b)(1)(B)(iii). “When an inconsistency is cited as a factor supporting an adverse credibility determination, that inconsistency should not be a mere trivial error such as a misspelling, and the petitioner’s explanation for the inconsistency, if any, should be considered in weighing credibility.” Shrestha, 590 F.3d at 1044 (citations omitted). Regardless of the factors relied upon by the IJ, the IJ must provide “specific and cogent reasons” to support an adverse credibility determination. Id. at 1042. 4. The BIA cited six specific findings made by the IJ that, in light of “the totality of the circumstances,” the BIA believed supported the IJ’s adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). The first two — Singh’s secular appearance and his admission that he had not been baptized as a Sikh — are speculative and unconvincing. See Shah v. INS, 220 F.3d 1062, 1071 (9th Cir. 2000) (“Speculation and conjecture cannot form the basis of an adverse credibility finding.”). However, the other four are sufficient to support an adverse credibility determination. First, Singh’s demeanor when testifying — notably his “stiffness, crossed arms, and rote testimony” — was inconsistent with someone who suffered the abuse detailed in his declaration. Second, Singh’s Shiromani Akali Dal membership card appeared inauthentic due to the “crude' pasting” of Singh’s photograph over the seal. Third, Singh’s medical documentation was not contemporaneously prepared and did not explain how the information was retrieved. Finally,. Singh’s father’s affidavit was written in English even though his father is unable to read or write English and'no certificate of translation was attached. 5. Singh argues that the IJ’s demeanor findings were “arbitrary, capricious, and are not evidenced on the record.” We disagree. The IJ’s “specific, first-hand observations” are “precisely the kind of credibility cues that are the special province of the factfinder.” See Manes v. Sessions, 875 F.3d 1261, 1263 (9th Cir. 2017). Further, the IJ is not required to conduct a running commentary on an alien’s credibility on the hearing record. Id. at 1264. In its demean- or findings, an IJ can consider “the expressions of [the petitioner’s] countenance, how he sits or stands, whether he is inordinately nervous, his coloration during critical examination, the modulation or pace of his speech and other non-verbal communication.” Ling Huang, 744 F.3d at 1153 (quoting Shrestha, 590 F.3d at 1042). Singh also argues that it was unreasonable for the agency to discredit his documentary evidence. There is sufficient evidence in the record, however, for this court to “objectively verify [that] the IJ ha[d] a legitimate basis to distrust the documents.” Lin v. Gonzales, 434 F.3d 1158, 1162 (9th Cir. 2006). Moreover, the IJ is not required to accept Singh’s documentation as valid; “rather, the petitioner has the burden to satisfy the trier of fact by offering credible and persuasive evidence.” Yali Wang, 861 F.3d at 1007-08. In sum, the IJ’s demeanor findings were sufficiently specific, and the IJ provided specific and cogent reasons for why the questionable nature of Singh’s documentary evidence undermined his credibility. 6. The BIA considered the totality of the record and concluded that the IJ’s adverse credibility finding was not clearly erroneous. The BIA reasoned that Singh’s lack of credibility “undermines all of his claims” and that “[i]n the absence of credible testimony, the record is not sufficient to meet his burden of proving he suffered past persecution or has a well-founded fear of being persecuted in the future.” The BIA therefore affirmed the IJ’s ruling denying Singh’s asylum and withholding of removal claims. The BIA also held that the IJ’s finding that Singh does not have a clear probability of being tortured if returned to India is not clearly erroneous. The BIA therefore affirmed the IJ’s ruling denying Singh’s CAT claim. 7. There is no evidence that compels any reasonable fact-finder to Conclude that the agency’s adverse credibility determination was incorrect. See 8 U.S.C. § 1252(b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). After considering the totality of the circumstances, the agency reached a reasonable conclusion that Singh’s was not credible. Singh’s lack of credibility undermines all of his claims, and the record is not sufficient to meet his burden of proving he suffered past persecution, has a well-founded fear of being persecuted in the future, or that it is more likely than not that he would suffer torture by or with the acquiescence of a government official in India. Because Singh was found not credible, eligibility for CAT protection would have to be based exclusively on State Department country reports. Based on those reports, there is no reason to believe that Singh could not safely relocate to another region in India. 8. Accordingly, the agency’s adverse credibility determination is supported by substantial evidence, and Singh cannot satisfy his burden of proving that he is eligible for asylum and withholding of removal. Similarly, the agency’s determination that Singh is not entitled to protection under the CAT is supported by substantial evidence. For the foregoing reasons, Singh’s petition for review of the BIA’s decision is DENIED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.