**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PIERRE DAVID BOSSA,

                Petitioner,

v.

WILLIAM P. BARR, Attorney General,

                Respondent.

No.   18-70202

Agency No. A209-391-310

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2019
Seattle, Washington

Before:  D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Pierre Bossa, a native and citizen of Haiti, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal of the immigration

judge's ("IJ") decision denying Bossa's application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252(a). We deny Bossa's petition for review.

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the BIA's credibility finding for substantial evidence. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). Under the substantial evidence standard, the court treats the agency's determination as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). The court affords IJs particular deference in the area of adverse credibility determinations because the IJ is, "by virtue of his acquired skill, uniquely qualified to decide whether an alien's testimony has about it the ring of truth." *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1395 (9th Cir. 1985).

Substantial evidence supports the agency's adverse credibility decision. The IJ identified multiple inconsistencies between Bossa's testimony at his hearing before the IJ, his prior sworn statement, and his statements in his initial interview. Particularly, in his initial interview with a border patrol agent, Bossa stated he did not fear returning to Haiti and that he would not be harmed if returned. At his hearing, Bossa claimed fear based on sexual orientation and described incidents he experienced in his native Haiti and in Brazil, where he lived for nearly two years before arriving in the United States. Further, Bossa discuss an important incident at a soccer game in his credible fear interview, but did not mention it in his written asylum application, and then included information about this incident in his

declaration with more detail than he provided in the credible fear interview.

The IJ questioned Bossa about the inconsistencies, but he provided shifting explanations. Bossa explained that he gave false information to the border patrol agent because there were many other Haiti immigrants in the room and it was too public, but later stated it was because he had difficulty with the interpreter. The IJ pointed out that the sworn statement expressly notes the interview may be the only opportunity for an alien to explain his fear of returning and that he did not mention any concerns related to the interpreter at the time. Bossa first explained that no one read had read him the notices but later stated that he had difficulty working with the interpreter. The IJ did not find these explanations credible, noting that Bossa had completed other portions of the form correctly. The IJ was not required to accept Bossa's explanations for these inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

In affirming the IJ's adverse credibility finding, the BIA relied on multiple inconsistencies, particularly Bossa's statements at the border that he did not fear returning to Haiti and would not be harmed, in contrast to his claims in his hearing. The BIA also found Bossa's explanations for these inconsistencies unpersuasive, including Bossa's statements that he had difficulty working with the interpreter because his interview was conducted in a language other than Creole, though Form

3

I-867A shows that his interview was conducted in Creole.

Though the BIA relied on multiple inconsistencies, the court must uphold the determination if one basis is supported by substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011). Substantial evidence supports the BIA's determination Bossa was not credible, therefore the record does not compel reversal. *See* 8 U.S.C. § 1252(b)(4)(B). Bossa failed to establish past persecution.

Substantial evidence also supports the agency's determination that Bossa failed to demonstrate a well-founded fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). To establish a well-founded fear of future persecution, the applicant must establish that his fear "is both subjectively genuine and objectively reasonable." *Id*. Bossa failed to satisfy the subjective component by not testifying credibly. *Id.* at 1178-79.

Absent credible testimony or evidence, Bossa's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the BIA's denial of CAT relief. Because Bossa's CAT claim is based on the same testimony that the IJ found not credible, and because Bossa presented no other evidence of torture, his CAT claim fails as well. *See Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**

4

*Pierre Bossa v. William Barr*, 18-70202

D.W. NELSON, Circuit Judge, dissenting:

The majority affirms the Immigration Judge (IJ) and Board of Immigration Appeals (BIA)'s adverse credibility finding on the basis of Bossa's failure to disclose his sexual orientation at the border patrol interview. In my view, neither the IJ nor the BIA provided a specific and cogent reason to disregard Bossa's explanation regarding his fear of disclosing his sexual orientation in public during the border patrol interview. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017). Accordingly, I will dissent.

Bossa explained that he did not express his fear of persecution to the border patrol agent during the September 2016 interview because the interview was conducted in a public location, with many other Haitians present, and he was afraid to disclose his sexual orientation given the persecution he had experienced from Haitians in the past. As Bossa later put it to the asylum officer, "I was worried and afraid to give the reasons why I am afraid." The IJ rejected that explanation as "unconvincing," but the IJ never provided a cogent reason to disbelieve it. The IJ only suggested the explanation was somehow implausible given "the two-month journey to reach the United States for protection." If anything, Bossa's reluctance to publicly divulge his sexual orientation after a lengthy journey simply confirms the intensity of his fear. Given the hostility he experienced from his family, homophobia from Haitians in Haiti and Brazil, and particularly after being attacked

and injured by a mob in Haiti, it seems reasonable for Bossa to be afraid that if a large group of Haitians found out that he was gay, he would be attacked. *Cf. Paramasamy v. Ashcroft*, 295 F.3d 1047, 1053 (9th Cir. 2002) ("That a woman who has suffered sexual abuse at the hands of male officials does not spontaneously reveal the details of that abuse to a male interviewer does not constitute an inconsistency from which it could reasonably be inferred that she is lying."). Because the "IJ fail[ed] to address [Bossa's] explanation for a discrepancy or inconsistency," the adverse credibility finding is improper. *Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004).

In affirming the BIA, the majority relies on Bossa's statements that he had difficulty working with the interpreter during the border patrol interview, but the record supports Bossa's explanation. The BIA emphasized that Bossa's sworn statement "did not indicate that he had trouble understanding the interpreter." Not true. For example, Bossa repeatedly answered the border patrol's open-ended questions with a non-sensical "yes" or "no." Such "unresponsive answers by the witness provide circumstantial evidence of translation problems." *Perez-Lastor v. I.N.S.*, 208 F.3d 773, 778 (9th Cir. 2000). The BIA also took issue with Bossa's contention that the border interview "was eventually conducted by someone else in a language other than Creole." The IJ and BIA doubted that a portion of the border patrol interview was conducted by someone other than the telephonic interpreter in

2

light of a "presumption of regularity" they afforded the border proceedings. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007). Initially, I doubt such a presumption should extend to an apparent contractor with AT&T who offered telephonic interpretation services, especially in light of the language difficulties noted above. *Cf. Del Norte Cty. v. United States*, 732 F.2d 1462, 1468 (9th Cir. 1984) ("[C]ourts presume that *public officers* properly discharge their duties." (emphasis added)). In any event, Bossa's consistent testimony on this point during his credible fear interview, and his declaration and testimony before the IJ provides "clear evidence" to overcome that presumption. *Id.*

The majority construes these as "shifting" rather than simply additional explanations for Bossa's omission. But it was not contradictory for Bossa to consistently explain that—in addition to his fear of persecution—these language barriers provided an additional impediment to him publicly disclosing his sexual orientation. Bossa's explanation for his omission is grounded in the same fear of persecution on which his asylum application relies. Lacking a specific and cogent reason to reject that explanation, the BIA's adverse credibility determination is not supported by substantial evidence. *See Manes*, 875 F.3d at 1263.

Accordingly, I DISSENT.

3