**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUKHPUL SINGH, | No. 17-71000 |
| Petitioner, | Agency No. A206-458-807 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2019
San Francisco, California

Before: LUCERO,[**] CALLAHAN, and BADE, Circuit Judges.

Sukhpul Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") affirming an immigration

judge's ("IJ") denial of his applications for withholding of removal, asylum, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

8 U.S.C. § 1252 and deny the petition.

I

We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). "Because credibility determinations are findings of fact . . . , they 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)). Here, the BIA affirmed the IJ's adverse credibility determination for three reasons, each of which finds adequate support in the record.

First, the BIA found no error in the IJ's determination that Singh's demeanor during his hearing indicated that his testimony was not truthful. "The need for deference is particularly strong in the context of demeanor assessments" because those conclusions "will often be based on non-verbal cues." *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014). In affirming the IJ's adverse credibility determination, the BIA relied on the IJ's conclusion that Singh was testifying by reciting from memory the contents of his earlier declaration rather than his own personal experience. Specifically, the BIA adopted the IJ's observation that Singh's testimony was "unemotional with a flat affect," and that he gave "quick answers" during direct examination but that his testimony "was

2

halting" during cross-examination. Such observations are sufficiently precise, and without evidence to the contrary, we will not set aside such findings "that are the special province of the factfinder." *See Manes v. Sessions*, 875 F.3d 1261, 1263–64 (9th Cir. 2017) (per curiam).

Second, substantial evidence supports the agency's conclusion that Singh was not credible because of the lack of detail in his testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010). The crux of Singh's applications was that his safety is jeopardized in India because of his, and his family's, political affiliation. But, as the BIA noted, Singh failed to articulate with any specificity his political party's platform, what its members do, or its structure. This lack of detail in Singh's testimony was a sufficient reason for finding him not credible, particularly given its importance to his claims for relief. *See Singh v. Ashcroft*, 367 F.3d 1139, 1142–43 (9th Cir. 2004).

Third, the BIA affirmed the IJ's finding that Singh was not credible because of inconsistencies between his testimony and written declaration. In particular, Singh was unable to explain why he omitted from his declaration any mention of an attack on his parents by a rival political party following his departure from India. An IJ may weigh as a factor the petitioner's "non-responsive or evasive testimony" as a factor to support an adverse credibility determination. *Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014). The BIA's decision to affirm the IJ's adverse

3

credibility determination because of Singh's wavering testimony finds support in the evidentiary record. When confronted with the discrepancy, Singh offered shifting explanations for his failure to include an account of the attack before conceding that its absence from his declaration was a mistake. The agency was under no obligation to credit this limited explanation. *See Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010). Accordingly, the BIA did not err by affirming the IJ's adverse credibility determination.

## II

Similarly, we reject Singh's argument that the BIA and IJ improperly discredited his independent documentary evidence for lack of authentication. Although a petitioner's failure to authenticate a foreign document may not serve as a basis for an adverse credibility determination, *see Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1149–50 (9th Cir. 2013), the BIA did not, as Singh contends, find the documentary evidence not credible. Rather it afforded the documents little weight because of the government's inability to cross-examine the declarants. Singh fails to show that this determination was erroneous. Moreover, Singh does not demonstrate that his documentary evidence was sufficient to independently establish his claim for asylum. Thus, in the absence of credible testimony, substantial evidence supports the denial of Singh's asylum application.

Because Singh did not satisfy "his burden of proof for asylum, he

4

necessarily failed to meet the higher burden of proof for withholding of removal." *Ren v. Holder*, 648 F.3d 1079, 1094 n.17 (9th Cir. 2011). Accordingly, substantial evidence supports the denial of Singh's application for withholding of removal.

## III

Substantial evidence also supports the BIA's denial of Singh's application for CAT relief. An applicant for CAT relief must show that it "is more likely than not that he . . . would be tortured." 8 C.F.R. § 1208.16(c)(2). Because Singh's testimony was not credible and because his supporting documentation did not independently "compel the conclusion" that he would be tortured if returned to India, Singh fails to demonstrate eligibility for CAT relief. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**