**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIU CHEN, | No. 17-72833 |
| Petitioner, | Agency No. A209-168-504 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2020[**]

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Petitioner Xiu Chen timely seeks review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial

of relief from removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny

the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Substantial evidence supports the adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B); see Lizhi Qiu v. Barr, 944 F.3d 837, 842 (9th Cir. 2019) ("We must uphold an adverse credibility determination 'so long as even one basis is supported by substantial evidence.'" (quoting Rizk v. Holder, 629 F.3d 1083, 1088 (9th Cir. 2011))).  The record supports the agency's finding that Petitioner offered inconsistent testimony.  For example, Petitioner testified that he first thought about coming to the United States in 2015, after he was detained and beaten.  Confronted with evidence of his two prior visa applications, he then recalled that he tried to come as a student in 2004 and as a refugee in 2013.  Petitioner's argument on appeal—that he was asked only when he thought about coming after being persecuted in 2015—is contrary to the record

Petitioner testified that, after being harassed for two to three months following his release from detention in early July 2015, he closed his business in "early October" 2015 and left for Thailand "a few days after."  That testimony conflicts with his passport, which recorded that he left for Thailand on November 13, 2015.  In light of Petitioner's repeated testimony that he left in October, three months after his release from detention in July, the BIA was not required to believe Petitioner's explanation that he misremembered the month.  See Zamanov v. Holder, 649 F.3d 969, 974 (9th Cir. 2011) (holding that, given the importance of the testimony, the agency was not required to believe the petitioner's explanation).

2

Substantial evidence likewise supports the IJ's determination that Petitioner's demeanor also weighed against his credibility. The IJ provided specific examples of Petitioner's demeanor, including that he maintained steady eye contact during most questioning but, when asked about inconsistencies, he "failed to maintain eye contact, looked away, and fidgeted in his seat." The IJ's examples are permissible observations of demeanor that weigh against credibility, and our cases do not require that the IJ make a record during the hearing. Manes v. Sessions, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam).

2. The BIA correctly held that, without credible testimony, Petitioner failed to establish eligibility for asylum or withholding of removal. Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. Substantial evidence supports the BIA's determination that Petitioner failed to prove that it is more likely than not that he will be tortured by, or with the acquiescence of, public officials in China. 8 C.F.R. § 208.16(c)(2); Garcia-Milian v. Holder, 755 F.3d 1026, 1033 (9th Cir. 2014).

**PETITION DENIED.**