**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XINGGUI CHEN,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   15-73832<br><br>Agency No. A088-294-711<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2020[**]
Honolulu, Hawaii

Before:  WALLACE, BEA, and BENNETT, Circuit Judges.

Xinggui Chen, a native and citizen of the People's Republic of China, petitions for review of the order of the Board of Immigration Appeals (BIA) that denied his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction pursuant to 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We deny the petition.

The BIA adopted the Immigration Judge's (IJ) decision and added some of its own reasoning, so we review both decisions. *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). We review factual findings, including adverse credibility determinations, for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review constitutional challenges to immigration decisions de novo. *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009).

Substantial evidence supports the determination that Chen was not credible. Chen has been through immigration hearings twice—once in 2010, and again in 2014, after successfully petitioning the BIA to reopen his case. Chen testified in his 2014 hearing that he had a physical altercation with family planning officials after his wife was forced to have an abortion. Yet he did not mention this incident in his 2010 hearing (or in his 2007 asylum application or 2008 asylum interview). This omission is not a mere detail. Rather, the physical altercation supports Chen's claim of "other resistance" to China's coercive population control policy. *See Nai Yuan Jian v. Holder*, 611 F.3d 1086, 1094–95 (9th Cir. 2010). With the altercation, Chen's 2014 testimony provides a "much different—and more compelling—story of persecution than the initial application." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)). Chen's explanation is that his attorney at the time counseled him to omit the

2

incident from his account. Even if such an explanation were plausible, the record does not compel the conclusion that the IJ erred in refusing to believe Chen's explanation, "in light of the importance of the omitted incident[] to his asylum claim." *Zamanov*, 649 F.3d at 974. Chen's omission of the physical altercation supports an adverse credibility finding. *Id.*

Chen also submitted two letters from his wife that involved further omissions and inconsistencies. The first letter was dated 2009 and was submitted in support of Chen's first hearing; the second letter was dated 2013 and was submitted in support of Chen's motion to reopen his case. In both letters, Chen's wife failed to mention the physical altercation, or that Chen's attorney directed her to omit the altercation. In addition, the IJ identified some inconsistency in Chen's testimony about whether his wife wrote the first letter, given that her second letter (which was transcribed) concedes that she cannot write well. Accordingly, we are not compelled to conclude that the IJ erred in finding Chen not credible under the totality of the circumstances. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017).

Without credible testimony, Chen's asylum claim fails. Chen's application for withholding of removal also fails because his eligibility for withholding of removal relies on his asylum claim. Chen has not specifically discussed his CAT claim in his brief, and, thus, waives his appeal of that claim. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Finally, we reject Chen's Due Process argument because he has failed to show how his hearing was not full and fair or how he was deprived of a reasonable opportunity to present evidence on his behalf.

The petition for review is **DENIED**.