**NOT FOR PUBLICATION**

**FILED**

JUN 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIANA GUZMAN HERNANDEZ;
JAVIER GUZMAN HERNANDEZ,

                       Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

                       Respondent.

No.   19-72128

Agency Nos.     A213-084-373
                     A213-084-359

MEMORANDUM[*]

On Petition for Review from the
Board of Immigration Appeals

Submitted June 9, 2021[**]
Portland, Oregon

Before:  WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Siblings Juliana and Javier Guzman Hernandez ("Petitioners"), natives and

citizens of Mexico, petition for review of a decision of the Board of Immigration

Appeals ("BIA") affirming an order of an Immigration Judge ("IJ") denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C.

§ 1252, and we deny the petition.

Substantial evidence supports the BIA's conclusion that the IJ did not clearly

err in making an adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d

1034, 1039 (9th Cir. 2010). The BIA's decision rested on at least two "specific

and cogent reasons" supporting its determination that Petitioners were not credible.

*Id.* at 1044. First, Juliana testified inconsistently regarding the alleged threat that

led her family to flee Mexico for the United States. For example, at her second

credible fear interview, Juliana stated under oath that letters threatening her entire

family were left outside of their home on two occasions the week following her

father's death. But at the merits hearing before the IJ, Juliana testified that Javier

informed their family that they needed to leave because he had received a threat.

Juliana testified that Javier did not specify what type of threat he had received.

Second, Juliana's internally inconsistent statements also contradicted

Javier's testimony before the IJ. Javier testified that two armed, masked men

stopped him and threatened that if he "didn't leave . . . , the same thing that

happened to [his] father was going to happen to [him]." He repeatedly testified

that he never shared this information with Juliana. Javier's testimony directly

contradicts Juliana's statements that two letters were left outside of the family's

2

home and that Javier informed the family that he had been threatened. Considering these discrepancies under the totality of the circumstances, the record does not compel a contrary result. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B); *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014).

In the absence of credible testimony, the remaining record evidence is insufficient to compel the conclusion that Petitioners are eligible for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017). Petitioners' CAT claims, which are largely premised on the same non-credible testimony, also fail. *Lianhua Jiang v. Holder*, 754 F.3d 733, 740–41 (9th Cir. 2014).

**PETITION DENIED.**