NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARUTYUM HAYRAPETYAN, AKA Harutyun Hayrapetyan, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72917 <br><br> Agency No. A209-944-328 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2021[**]
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,[***]
District Judge.

Harutyum Hayrapetyan, a native and citizen of Armenia, petitions for review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from the Immigration Judge's (IJ) order denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review questions of law de novo and factual findings for substantial evidence. Brezilien v. Holder, 569 F.3d 403, 411 (9th Cir. 2009). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." Diaz-Reynoso v. Barr, 968 F.3d 1070, 1075–76 (9th Cir. 2020) (citation omitted). Also, "[b]ecause the BIA deferred to the IJ's demeanor determination, we therefore 'look to the IJ's . . . decision as a guide to what lay behind the BIA's conclusion.'" Kin v. Holder, 595 F.3d 1050, 1056 (9th Cir. 2010) (quoting Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir. 2008)). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

The IJ denied all relief after making an adverse credibility determination, and the BIA dismissed Hayrapetyan's subsequent appeal. Substantial evidence supports the agency's findings. Hayrapetyan's testimony before the IJ contained inconsistencies and omissions compared to the statements he made previously, his own declaration, and declarations submitted on his behalf. The BIA specifically noted the discrepancies regarding the nature and extent of his persecution,

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

including the number of times Hayrapetyan and his father were arrested and beaten for attending political rallies, whether people came to the family home looking for him before or after he left the country; and whether his sister was threatened during these visits. The inconsistencies identified by the BIA satisfy the substantial evidence standard in support of the IJ and BIA's adverse credibility determination. See Kin, 595 F.3d at 1058 (describing inconsistencies between and among the petitioners' testimony and other testimonial or documentary evidence as constituting substantial evidence in support of an adverse credibility determination).

The IJ and BIA also relied on Hayrapetyan's demeanor in assessing his credibility. Hayrapetyan argues that his medical condition or traumatic experiences with authority could have contributed to the specific examples of behavior the IJ identified in making the adverse credibility determination. However, the possibility that medical conditions or past trauma could have contributed to his demeanor does not compel this court to overturn the IJ's adverse credibility determination. See Garcia v. Holder, 749 F.3d 785, 789-90 (9th Cir. 2014). That is, the exceptional circumstances required for a reviewing court to substitute its own interpretation of Hayrapetyan's demeanor for the first-hand observations of the IJ are not present here. See Manes v. Sessions, 875 F.3d 1261, 1263-64 (9th Cir. 2017) (per curiam). In light of the totality of the circumstances,

the BIA properly affirmed the IJ's adverse credibility determination. See Shrestha v. Holder, 590 F.3d 1034, 1039-40 (9th Cir. 2010).

Therefore, Hayrapetyan did not, by credible testimony or otherwise, establish the requisite subjective, well-founded fear of future persecution—or a history of past persecution—necessary for asylum and withholding of removal. See Kaiser v. Ashcroft, 390 F.3d 653, 658 (9th Cir. 2004); see also Davila v. Barr, 968 F.3d 1136, 1142 (9th Cir. 2020) (stating that "[a]n applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal"). Accordingly, Hayrapetyan's petition as to these forms of relief is denied.

Finally, to establish eligibility for relief under the CAT, the applicant must establish that he is more likely than not going to be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Garcia-Milian v. Holder, 755 F.3d 1026, 1033 (9th Cir. 2014) (quotation marks and citation omitted); 8 C.F.R. § 208.18(a)(1). The only relevant evidence offered to support Hayrapetyan's CAT claim other than his discredited testimony is documentary evidence of the country conditions in Armenia, which does not compel the conclusion that Hayrapetyan himself is likely to be tortured if removed to Armenia. See Jiang v. Holder, 754 F.3d 733, 740-41 (9th Cir. 2014) (denying a petitioner's CAT claim that was

4

premised only on discredited testimony and a country report).  Therefore, substantial evidence supports the agency's denial of CAT protection.

**PETITION FOR REVIEW DENIED.**