NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAOCONG LAI, et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-162

Agency Nos.
A208-829-481
A208-829-484
A208-829-483
A208-829-482

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023**
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Xiaocong Lai, a native and citizen of China, petitions for review of the

order of the Board of Immigration Appeals (BIA) dismissing her appeal from a

decision of the Immigration Judge (IJ) denying her application for asylum and

withholding of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252.  "We

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[1] Lai's husband and two minor children are derivative applicants.

review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (quoting 8 U.S.C. § 1252(b)(4)(B)). Because substantial evidence supports the agency's adverse credibility determination and its conclusion that Lai's documentary evidence did not rehabilitate her testimony or otherwise satisfy her burden of proof, we deny the petition for review.

1.      The BIA upheld the IJ's adverse credibility determination, which was based, in part, on the IJ's observation that Lai "embellished" information on her visa application and, when confronted about the inconsistencies, provided "insufficient explanation[s]" for the false information. These findings provide substantial evidence to support the adverse credibility determination. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (petitioner's submission of false information in visa application supported adverse credibility determination, particularly when she "made no attempt during her hearing to explain why she needed to provide the false information").

The BIA also upheld the IJ's finding that Lai provided "implausible testimony" about several aspects of her application. As the agency noted, Lai's "timeline of claimed events was suspicious" and suggested that she "was intending to immigrate to the United States independently of any alleged

2

persecution." Lai testified that she came to the United States to improve her mood after her forced abortion, and decided to apply for asylum when she discovered she was pregnant while in the United States, but she and her family had acquired passports and visas before the forced abortion. The BIA also affirmed the IJ's finding that it was implausible that Lai came to the attention of family planning officials from her hometown because she confirmed her pregnancy with an at-home test kit, while living with her mother-in-law in a different village. These instances of implausible testimony provide substantial evidence supporting the agency's adverse credibility determination. *See Lalayan v. Garland*, 4 F.4th 822, 836–37 (9th Cir. 2021) (stating that the evidence cited by the agency to support a finding of implausibility "need not conclusively establish that the witness's testimony is false, and the [agency's] implausibility finding will ultimately hinge on the application of a reasonable evaluation of the testimony and evidence based on common sense").

2.     The BIA concluded Lai's documentary evidence did not rehabilitate her testimony or otherwise satisfy her burden of proof. The agency cited reliability issues with these documents, and the record does not compel a contrary finding. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam) (rejecting petitioner's attempt to discredit doctor's note that he submitted in support of his claim, which was inconsistent with petitioner's testimony); *see also id.* at 1265 (noting that "even minor issues" with petitioner's documentary evidence were properly "given substantial weight" by

the BIA given that the documents spoke directly to the petitioner's claimed basis for persecution).

**PETITION DENIED.**