NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARWIN CORADO TOVAR,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  21-70671<br><br>Agency No. A206-365-589<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2023[**]
Pasadena, California

Before:  BEA, M. SMITH, and VANDYKE, Circuit Judges.

Petitioner Marwin Corado Tovar, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals's ("BIA") order which affirmed,

without opinion, an immigration judge's ("IJ") denial of his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we 'review the IJ's decision as if it were the BIA's decision.'" *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)). We review an adverse credibility finding under the substantial evidence standard, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and must uphold it unless the evidence compels a contrary result, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We deny the petition.[1]

Substantial evidence supports the IJ's finding that Petitioner was not a credible witness. The IJ highlighted "specific and cogent reasons" for concluding that Petitioner was incredible. *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

The IJ first determined that Petitioner's in-court testimony as to the extent of the injuries he suffered when he was assertedly beaten in El Salvador by members of the 18th Street Gang contradicted (1) his prior statement to the asylum officer who conducted his credible fear interview, (2) his own handwritten declaration, and (3) his asylum application. These significant inconsistencies bore on Petitioner's veracity. *See Shrestha*, 590 F.3d at 1043–44. The IJ also observed that Petitioner attempted to fabricate an explanation for these discrepancies based on attorney error, which fabrication was exposed on cross-examination. *See Shrestha*, 590 F.3d at

---

[1] We deny Petitioner's motion for a stay of removal (Docket Entry No. 1).

2

1044 ("[T]he petitioner's explanation for the inconsistency, if any, should be considered in weighing credibility."). "[W]hen inconsistencies that weaken a claim for asylum are accompanied by other indications of dishonesty-such as a pattern of clear and pervasive inconsistency or contradiction-an adverse credibility determination may be supported by substantial evidence." *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). Next, the IJ concluded that Petitioner tried to minimize his criminal history in the United States, viz., charges for rape by force or fear, false imprisonment, and assault with a deadly weapon. Lastly, the IJ properly considered Petitioner's emotionlessness when he testified about his brother's murder. *See Manes v. Sessions*, 875 F.3d 1261, 1263–64 (9th Cir. 2017) (per curiam). Based on the IJ's adverse credibility finding, Petitioner failed to carry his burden of proving eligibility for asylum and withholding of removal. *See Ling Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

The IJ properly determined that, because Petitioner's claim for CAT relief was based on the same factual predicate as his asylum and withholding of removal claims, the adverse credibility finding supported denial of all claims. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**DENIED.**

3