NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONTEJO ROLANDO ESTEBAN LUCAS,

              Petitioner,

  v.

PAMELA BONDI, Attorney General,

              Respondent.

No.   17-72567

Agency No. A099-913-324

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2026[**]
El Centro, California

Before: TALLMAN and OWENS, Circuit Judges, and MONTENEGRO,[***] District Judge.

    Montejo Rolando Esteban Lucas ("Esteban Lucas"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Ruth Bermudez Montenegro, United States District Judge for the Southern District of California, sitting by designation.

decision dismissing his appeal from an order of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny Esteban Lucas's petition for review.

We review factual findings, including adverse credibility determinations, for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). Where the BIA adopted the IJ's decision, as it did here, "we review [] the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation omitted).

1. Substantial evidence supports the agency's adverse credibility determination. In his arrival interview, recorded on an I-867A form, Esteban Lucas informed U.S. Customs and Border Patrol agents that he entered the country "to live and work in California" and that he did not fear returning to his home country. Esteban Lucas's statements directly contradict his later testimony to an asylum officer and before the IJ concerning the alleged threats to his life—the basis of his fear-based claims. Because Esteban Lucas first "affirmatively denied" a fear of returning to Guatemala and later expressed that precise fear, the agency reasonably concluded there was a "valid discrepancy" that goes to the heart of his

2

claims. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004) (upholding an adverse credibility determination where petitioner affirmatively denied any fear of mistreatment during an initial airport interview then later asserted a fear of return), *superseded on other grounds by statute*, 8 U.S.C. § 1158(b)(1)(B)(iii). "This inconsistency bears directly on [Esteban Lucas's] claim of persecution, thereby permitting the [BIA and IJ] to afford it substantial weight." *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam).

As required, Esteban Lucas was afforded an opportunity to explain these inconsistencies on cross-examination. *See Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022). When asked why he failed to state he was seeking asylum during his arrival interview, Esteban Lucas explained that he was afraid and did not understand the questions because the interviewing agent "had a different accent." Esteban Lucas's counsel had an opportunity to clarify or further explain the inconsistent statements on re-direct examination but failed to do so.

The agency did not err in declining to credit Esteban Lucas's explanation. Esteban Lucas was interviewed in Spanish, a language he attested to speaking fluently, and provided accurate information in response to the rest of the agent's questions. The agent also gave Esteban Lucas the opportunity to ask questions or volunteer information about his fear of returning to Guatemala before concluding the interview.

3

Under the totality of the circumstances, substantial evidence therefore supports the BIA's reliance on this inconsistency in upholding the IJ's adverse credibility finding. *See Dong*, 50 F.4th at 1300 ("Although one suspect document is unlikely to constitute substantial evidence of adverse credibility on its own, under the totality of the circumstances, the BIA reasonably concluded that it supported the IJ's credibility determination.").[1]

2.     In the absence of credible testimony, there is no evidence in the record showing, or even suggesting, that Esteban Lucas would suffer persecution based on a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). Accordingly, the agency reasonably denied Esteban Lucas's asylum and withholding claims. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) ("Substantial evidence also supports the BIA's conclusion that without credible testimony, [the petitioner] failed to establish eligibility for asylum or withholding of removal.").[2]

**PETITION FOR REVIEW DENIED.**

---

[1] We do not address the other grounds relied on by the IJ because the BIA did not adopt or rely on such findings. *See Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).

[2] Because Esteban Lucas did not meaningfully challenge the IJ's denial of his CAT claim before the BIA, he has waived this ground for relief. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019).