**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ADJIA FATOU NDIAYE; N. R. L.,

          Petitioners,

  v.

TODD BLANCHE, Attorney General,

          Respondent.

No. 25-1273

Agency Nos.
A245-414-254
A245-414-257

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2026
Seattle, Washington

Before: McKEOWN, PAEZ, and BRESS, Circuit Judges.

      Petitioners Adjia Fatou Ndiaye ("Ndiaye") and her minor daughter, natives

and citizens of Senegal, petition for review of a Board of Immigration Appeals

("BIA") decision denying their applications for asylum and withholding of

removal. We review the agency's factual findings, including adverse credibility

determinations, for substantial evidence. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Cir. 2014). When the BIA relies in part on the Immigration Judge's ("IJ") decision, we review both the BIA and IJ decisions, but our review of the IJ's decision is limited to the grounds upon which the BIA relied. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

Substantial evidence supports the agency's adverse credibility determination. Here, the agency provided six different bases for its adverse credibility finding, including inconsistencies between Ndiaye's testimony and her asylum application regarding where she lived in Senegal during the eight years prior to her departure, as well as multiple omissions of key details from Ndiaye's declaration regarding the harm and threats inflicted by her ex-husband's family, which she later alleged in testimony. Ndiaye also proffered an impossible timeline of events in both her testimony and the evidentiary records she submitted in support of her asylum application regarding her miscarriage, her divorce, and her daughter's birth. During the merits hearing, Ndiaye testified that her in-laws pushed her, causing a miscarriage, in April 2015, and submitted a medical certificate confirming the date of miscarriage. Ndiaye then testified that she

---

[1] The motion to stay removal, Dkt.10, is also denied. The temporary stay of removal shall remain in place until the mandate issues.

25-1273

divorced her husband in February 2016—10 months after the miscarriage.[2]  Ndiaye also repeatedly testified, however, that at the time of the divorce in February 2016, her daughter was already six months old, which would be biologically unfeasible. She also testified and submitted a birth certificate confirming that her daughter was not born until August 2016, six months after the divorce.  The agency properly concluded that this timeline is implausible and further weighs against Ndiaye's credibility.

On appeal, Ndiaye argues only that "confusion about dates and movements across regions during her flight from Senegal led to minor misstatements." However, several of the misstatements were substantial, not minor, and were repeated throughout the written and oral record.  The agency was therefore "permitted to afford substantial weight to inconsistencies that '[bore] directly on [the petitioner's] claim of persecution.'" *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (quoting *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam)) (citation modified).  The agency properly considered the "totality of the circumstances, and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (emphasis omitted), and provided "specific and cogent reasons in support of [its]

---

[2] Ndiaye's divorce date is listed as February 2016 in her testimony, her declaration, and on her marriage certificate.

adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)).[3]

**PETITION DENIED.**

---

[3] We acknowledge that Ndiaye's allegations of past persecution and fear of future persecution by her ex-husband's family, who she says seek to subject her daughter to female genital mutilation, are very serious. Should any material and previously unavailable information arise, Ndiaye may file a motion to reopen her removal proceedings. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b).

25-1273