**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IBRAHIM RAIMI, | No. 18-71708 |
| Petitioner, | Agency No. A209-869-999 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 6, 2020
Portland, Oregon

Before: BENNETT and MILLER, Circuit Judges, and PEARSON,** District
Judge.

Ibrahim Raimi, a native and citizen of Ghana, petitions for review of an

order of the Board of Immigration Appeals upholding an immigration judge's

denial of his applications for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Benita Y. Pearson, United States District Judge for the
Northern District of Ohio, sitting by designation.

§ 1252(a)(1). We grant the petition and remand.

1.   Raimi seeks asylum and withholding of removal because he fears persecution on account of his sexual orientation. The Board upheld the immigration judge's adverse credibility finding, on the basis that Raimi did not mention his sexual orientation during his border interview and discussed only his religion. Substantial evidence does not support the Board's determination. When viewed "in light of the 'totality of the circumstances, and all relevant factors,'" Raimi's testimony was not inconsistent. *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

In his border interview, Raimi was asked why he traveled under a different name and why he came to the United States. In response, Raimi stated that he is a Christian and that he understood the United States to be a "good" place and a "Christian country." When asked why he left Ghana, Raimi said that he was chased out of his house by a Muslim group. When asked whether he feared returning to Ghana, Raimi said that he did.

Viewed in context, Raimi's testimony at his border interview is not inconsistent with later testimony given at his credible-fear hearing, during which he elaborated on the basis for his fear of persecution. During the border interview, Raimi answered the questions posed to him, none of which called for him to discuss his sexual orientation. When asked during his credible-fear interview about

2

his fear of the Muslim group, Raimi explained that the group targeted gay people and that he was specifically targeted by them. In identifying an inconsistency in Raimi's testimony, the Board appears to have assumed that the group must have been motivated by either anti-Christian or anti-gay animus, overlooking the possibility that both motives might have been present. Either way, the Board was required to consider Raimi's "explanation for a perceived inconsistency, and other record evidence that sheds light on whether there is in fact an inconsistency at all." *Shrestha*, 590 F.3d at 1044 (citation omitted); *see Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). The Board did not do so here because it did not give reasoned consideration to Raimi's explanation of the Muslim group's anti-gay animus.

The Board similarly perceived an inconsistency in Raimi's testimony about the reason his father poured pepper into his eyes. But although Raimi's border-interview testimony could be construed to suggest that his father attacked him because he was a Christian, Raimi did not say that it was the *only* reason he was attacked. Instead, Raimi consistently tied his father's animus to his Christianity and sexual orientation, not one or the other exclusively.

The Board also relied on the immigration judge's comments about Raimi's demeanor, but we have never upheld an adverse credibility finding based on demeanor alone. We see no reason to do so in this case, when the immigration

judge's demeanor findings lack identifiable support in the record. *See Shrestha*, 590 F.3d at 1042. The immigration judge need not provide "running commentary" on a witness's demeanor during the hearing, but to permit meaningful review, the immigration judge must identify the basis for a demeanor finding with greater specificity than was done here. *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam); *see Shrestha*, 590 F.3d at 1042.

Because the adverse credibility finding cannot stand, we remand Raimi's claims for asylum and withholding of removal on an open record. *See Soto-Olarte*, 555 F.3d at 1093–96.

2.     As for Raimi's CAT claim, the Board's analysis of country conditions in Ghana was inadequate. Under the pertinent regulations, the Board must consider all relevant evidence. 8 C.F.R. § 1208.16(c)(3). When "there is any indication that the BIA did not consider all of the evidence before it, . . . the decision cannot stand." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). "Such indications include . . . failing to mention highly probative or potentially dispositive evidence." *Id.* at 772.

Here, the Board did not address several material aspects of the State Department's 2016 report on human rights in Ghana. For example, the report recognizes that Ghanaian law criminalizes sexual intercourse between men. The report also states that Ghanaian "police were reluctant to investigate claims of

assault or violence against LGBTI persons." It further explains that "[g]ay men in prison were often subjected to sexual and other physical abuse."

We have held that sexual assault can amount to torture. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015). Given the unaddressed country conditions relevant to Raimi's sexual orientation, substantial evidence does not support the conclusion that, based on objective evidence alone, Raimi is unlikely to be tortured with the acquiescence of the Ghanaian government. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008). We therefore remand for reconsideration of Raimi's CAT claim. *See Lai v. Holder*, 773 F.3d 966, 976 (9th Cir. 2014).

3.      On remand, Raimi should have the opportunity to argue for the admission of the two letters he contends were incorrectly excluded at his merits hearing. *See Perez-Arceo v. Lynch*, 821 F.3d 1178, 1187 (9th Cir. 2016). Because those letters are not in the administrative record, we express no opinion as to their relevance. We otherwise reject the due process challenges Raimi has raised.

**PETITION GRANTED AND REMANDED**.