**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZULIEMA DOLORES GUERRERO-
ESPERANZA, AKA Dolores Zuliema
Guerrero-Esperanza; et al.,

        Petitioners,

  v.

ROBERT M. WILKINSON, Acting
Attorney General,

        Respondent.

No.   18-73402

Agency Nos.   A208-905-534
                 A208-905-533
                 A208-905-604

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2021
Pasadena, California

Before: TALLMAN and OWENS, Circuit Judges, and CHRISTENSEN, [**] District
Judge.

Zuliema Dolores Guerrero-Esperanza and her children, Ariel Eliseo

Vasquez-Guerrero and Daniel Enrique Vasquez-Guerrero ("the Guerreros"),

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA affirmed the Immigration Judge's ("IJ") adverse credibility determination as to both Zuliema and Daniel and held the Guerreros waived review of their CAT claim. As the parties are familiar with the facts, we do not recount them here. We deny the petition for review as to Zuliema. We grant the petition and remand as to Daniel.[1]

Substantial evidence supports the BIA's adverse credibility determination as to Zuliema. Zuliema was inconsistent when describing a specific incident of abuse by her ex-husband and her inability to consistently recall important facts that go to the "heart of [her] claim" is given "great weight" when determining credibility. *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam) (citation omitted). Her testimony included new facts that were not mere "details," but that provided a "more compelling . . . story of persecution." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (internal quotation marks and citation omitted). The IJ also appropriately relied on Zuliema's demeanor during testimony. *See Qiu v. Barr*, 944 F.3d 837, 843 (9th Cir. 2019).

Substantial evidence does not support the BIA's adverse credibility

---

[1] Although Zuliema included both her sons in her application, Daniel also filed a separate application.

determination as to Daniel. First, whether Daniel experienced problems while in school is a "non-material, trivial detail[]." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011) (citation omitted). And Daniel's explanation for the inconsistency was reasonable after review of the record and because his hearing was conducted through a translator. *See Li v. Holder*, 559 F.3d 1096, 1100 n.4 (9th Cir. 2009).

Second, the IJ's implausibility findings for the second police encounter and gang members incident were "fatally flawed." *Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013) (citation omitted). The IJ either mischaracterized Daniel's testimony or based its implausibility findings on improper speculation and conjecture. *See Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014).

Lastly, the BIA properly held the CAT claim was waived because the Guerreros did not sufficiently raise it before the BIA. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019). *Parada*'s exception does not apply because the BIA did not address the merits of the CAT claim. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018).

**PETITION FOR REVIEW DENIED as to Zuliema Dolores Guerrero-Esperanza.**

**PETITION FOR REVIEW GRANTED as to Daniel Enrique Vasquez-Guerrero; REMANDED.**