**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARJINDER SINGH; GURJIT KAUR, | No. 18-71681 |
| Petitioners, | Agency Nos. A089-689-196 |
| v. | A089-689-197 |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 15, 2021
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and LASNIK,** District
Judge.

Harjinder Singh, a native and citizen of India, petitions for review of the order

by the Board of Immigration Appeals (BIA) dismissing his appeal from a decision

by an Immigration Judge (IJ) denying his claims for asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

and protection under the Convention Against Torture (CAT).[1] Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We review the BIA's legal conclusions *de novo* and its factual findings for substantial evidence. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citing *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011)). We also review adverse credibility determinations for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Singh's petition.

1. Substantial evidence supports the BIA's adverse credibility determination and denial of Singh's asylum claim. Pursuant to the REAL ID Act, the IJ may, in "[c]onsidering the totality of the circumstances, and all relevant factors . . . base a credibility determination on the demeanor" of the applicant, "consistency between the applicant's or witness's written and oral statements," "the internal consistency of each such statement," and "any other relevant factor." *Shrestha*, 590 F.3d at 1039–40 (quoting 8 U.S.C. §§ 1158(b)(1)(B)(iii)). The BIA highlighted several reasons for affirming the IJ's decision: (1) inconsistencies between Singh's and Kaur's testimonies; (2) "varying and implausible testimony" regarding an omission from Singh's asylum interview that his brother was arrested because of Singh; and (3) Singh's overall demeanor. The record reflects that there was considerable

---

[1] Harjinder Singh's wife, Gurjit Kaur, is a derivative asylum applicant.

confusion in Kaur's testimony regarding who was at the home when police visited, whether they visited, and what they did, and some of Kaur's testimony was inconsistent with Singh's testimony. Additionally, the IJ's demeanor finding adequately referred to the non-credible aspects of Singh's demeanor: "[H]e testified confidently and clearly on direct examination but became nonresponsive, evasive, and self-contradictory when questioned about inconsistencies." *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) ("[A]n IJ can meet the IJ's obligation to provide specific examples of the petitioner's demeanor by making explicit reference to particular unrecorded aspects of demeanor" (internal quotation marks omitted)). Singh's documentary evidence did not rehabilitate his testimony or independently establish his burden of proof. Therefore, we uphold the BIA's adverse credibility determination and the denial of asylum, and we need not reach the issue of safe relocation in India.

2. Because Singh is not eligible for asylum, he does not satisfy the standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3. Because we uphold the BIA's adverse credibility determination, Singh's CAT claim must be evaluated solely on the background documents submitted, *Shrestha*, 590 F.3d at 1048–49, and this evidence does not compel the conclusion that Singh is more likely than not to be tortured in India on account of his political

affiliation with the Mann party. The background documents fail to establish that Singh faces a clear probability of torture if he returns to India because most of the documents did not discuss the Mann party specifically, and they focused more generally on anti-Sikh and Hindu nationalist sentiments. Substantial evidence supports the BIA's denial of CAT protection.

**PETITION FOR REVIEW DENIED.**