**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WANHE DENG, | No. 15-71896 |
| Petitioner, | Agency No. A205-332-825 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2021[**]
San Francisco, California

Before:  GRABER and LEE, Circuit Judges, and VRATIL,[***] District Judge.

Petitioner Wanhe Deng is a native and citizen of China.  He seeks review of

a final order of removal after the Board of Immigration Appeals ("BIA") denied his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

requests for asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny

the petition.

1. Substantial evidence supports the agency's adverse credibility finding.

See Shrestha v. Holder, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (describing

standard). For example, Petitioner testified that he had no plans to leave China

before his arrest in October 2010. But he applied to the American Language

Institute at San Francisco State University in June 2010, and sought a student visa

in July 2010. In addition, Petitioner's accounts of how often he attended a house

church, and about when he learned that such gatherings were illegal, were

inconsistent. The agency was required to consider Petitioner's explanations, see

Manes v. Sessions, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (holding that

a "petitioner's explanation for the inconsistency, if any, should be considered in

weighing credibility" (internal quotation marks omitted)), and it did. It was not

required to credit those explanations. Rizk v. Holder, 629 F.3d 1083, 1088 (9th

Cir. 2011).

2. The immigration judge fairly noted that Petitioner failed to provide

corroborating evidence of his claims. At the very least, Petitioner presents no

evidence that leaves us "compelled to conclude that such corroborating evidence is

2

unavailable."  8 U.S.C. § 1252(b)(4).  Petitioner's argument that he "should not have to 'create' documents to support his claim" is insufficient.

3.  Petitioner does not argue before us that the BIA erred in rejecting his claim for CAT protection.  Accordingly, that issue is forfeited.  See Rizk, 629 F.3d at 1091 n.3 (holding that the petitioner forfeited issues not raised in the opening brief).

**PETITION DENIED.**