NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HONG CHEN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 16-70739

Agency No. A089-886-785

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2022[**]
Pasadena, California

Before: SCHROEDER, S.R. THOMAS, and BEA, Circuit Judges.

Petitioner Hong Chen, a native and citizen of China, filed a timely petition for

review of a final decision of the Board of Immigration Appeals ("BIA") dismissing

his appeal from an immigration judge's ("IJ") denial of asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). "We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)). We review adverse credibility determinations for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

"Under the REAL ID Act, which applies here, there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on the totality of the circumstances and all relevant factors." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (citations and internal quotation marks omitted). "Although [after the passage of the REAL ID Act] inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010).

Here, major discrepancies between Chen's testimony and his documentary evidence support the adverse credibility finding. Chen claims that he was arrested and beaten by police after he protested his layoff from the Nan Kai Construction/Decoration Company, where he testified that he worked continuously from 1982 to February 26, 2008. The IJ identified the following inconsistencies with

this testimony: (1) a notation in Chen's household register indicating that Chen was unemployed in 1998, (2) Chen's divorce agreement indicating that Chen was unemployed in 2002, and (3) an employment certificate issued in May of 1984 stating that Chen was employed as a clerk at the Tanjin City Store and Hall Beaux-Arts Upholster Factory (not as a team leader at the Nan Kai Construction/Decoration Company). When asked to explain the inconsistent household register, Chen said that "they probably made a mistake," but also testified that "China has [] very stringent household registration control." Chen did not challenge the IJ's findings as to the second and third inconsistencies before the BIA. Because these discrepancies relate to Chen's employment, and his asylum claim is based on alleged persecution for political activity he engaged in after he was laid off from his job, these inconsistencies are of "great weight." *Id.* at 1046.

The following inconsistencies also went unchallenged before the BIA: (1) Chen's address in his asylum application did not match his household register, and (2) Chen testified that his mother retired in 1992 or 1993, but the household register in 1998 lists her as employed. This court has held that "when inconsistencies that weaken a claim for asylum are accompanied by other indications of dishonesty—such as a pattern of clear and pervasive inconsistency or contradiction—an adverse credibility determination may be supported by substantial evidence." *Kaur v. Gonzalez*, 418 F.3d 1061, 1067 (9th Cir. 2005). We find that to be the case here.

3

We reject Chen's argument that he was "entitled to notice that he needs to produce corroborative evidence and an opportunity to either produce the evidence or explain why it is unavailable," because the "notice-and-opportunity requirement" extends only to petitioners who are "otherwise credible." *Lai v. Holder*, 773 F.3d 966, 976 (9th Cir. 2014).

We agree with the BIA that Chen has not carried his burden of proof to show he is eligible for asylum or withholding of removal. Because Chen failed to brief the denial of CAT relief, we decline to reach that issue as forfeited. *See* Fed. R. App. P. 28(a)(8)(A).

**PETITION DENIED.**