NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIUHUA CHI,<br><br>            Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No.   15-73250<br><br>Agency No. A205-178-432<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2022
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

This appeal arises from Petitioner Xiuhua Chi's challenge to the Board of

Immigration Appeals's ("BIA") dismissal of her appeal challenging the immigration

judge's ("IJ") denial of her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Petitioner Xiuhua Chi is a native and citizen of China. When she was in China, Petitioner asserts, she was pregnant three times and, after the first child, was forced to abort the following pregnancies because her requests for birth permits were denied under China's family planning policies.

Thereafter, Petitioner began applying for a U.S. visa, through an unnamed "intermediary," who sent two visa applications on Petitioner's behalf. In the two applications for a U.S. visa, Petitioner's intermediary used false information, but the visa was not granted either time. After the U.S. visa applications were denied, the intermediary applied for a Canadian visa for Petitioner using false information. Petitioner received a Canadian visa.

On April 22, 2011, Petitioner left China and arrived in Canada. On April 23, 2011, Petitioner then crossed the U.S.-Canada border into the United States. Once in the United States, Petitioner filed an application for asylum, withholding of removal, and CAT protection with the Department of Homeland Security ("DHS") on March 29, 2012. Petitioner requested asylum alleging that she had suffered persecution due to her political opinion because the Chinese government made her undergo two forced abortions.

The IJ held a hearing and ultimately denied Petitioner's application for asylum, withholding of removal, and withholding and deferral of removal under the CAT. The IJ ordered Petitioner removed to China after making an adverse

credibility determination against the Petitioner. To support the adverse credibility finding, the IJ cited Petitioner's testimony about her entry into the United States, her use of false information in order to obtain visas to the United States, and her demeanor during questioning at the hearing.

On appeal, Petitioner contests the IJ's adverse credibility determination, arguing that the IJ's decision is not supported by substantial evidence in the record. In light of the deferential standard under which we review, we disagree.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). We will uphold the agency's factual findings, including adverse credibility determinations, unless any reasonable adjudicator would be compelled to conclude to the contrary. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017).

1. Substantial evidence supports the BIA's denial of relief on adverse credibility grounds because the IJ properly discounted Petitioner's testimony after noting that the details of her entry were not plausible, and that she gave false information on her prior visa applications.

First, Petitioner testified before the IJ that she crossed the United States-Canada border without encountering a single customs officer from either country. The IJ properly questioned the veracity of Petitioner's assertion that she simply walked across the border at a port of entry without a single United States or Canadian

customs officer in sight. In assessing the Petitioner's testimony, the IJ properly questioned why Petitioner would present false information about her entry into the United States. The IJ expressed concern that Petitioner may not have wanted to explain how she actually came to the United States. This led the IJ to conclude that there is "only one way you could do it, which would be to either misrepresent yourself as a Canadian citizen or present some other fake documents" at the border. Substantial evidence supports the IJ's determination that Petitioner's testimony about her entry into the United States was not plausible.

Further, the IJ noted that Petitioner had given false information in prior visa applications. For example, Petitioner applied for a U.S. visa in 2010, and her "intermediary" made up a fake marriage certificate for her to use. Petitioner, knowing that the information was false and that she was not married, arrived at her asylum application interview with a fake husband, and pretended to be his wife. Petitioner, through her "intermediary," also presented fake documents including false bank statements for the specific purpose of receiving permission to enter the United States through fraud. Petitioner's provision of false information was knowing, and she was complicit in her fraudulent attempts to obtain a visa. Given Petitioner's untrustworthy provision of information on at least two prior visa applications, the IJ had a strong basis to question Petitioner's credibility.

4

Considering the record as a whole, the IJ's adverse credibility determination is supported by substantial evidence in the record. We give deference to agency credibility determinations, because "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily [assess] on review." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (post-REAL ID Act) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010)). Considering the inconsistencies and falsehoods in Petitioner's visa applications, the inconsistencies in and implausibility of Petitioner's testimony about her entry into the United States, and the measure of deference that we give to the IJ's factual findings, the record, taken as a whole, does not compel a reasonable adjudicator to find in Petitioner's favor.

**PETITION FOR REVIEW DENIED**.