**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIE ANGE NICOLE SALOMON, | No. 21-1405 |
| Petitioner, | Agency No. A208-594-550 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Marie Ange Nicole Salomon, a native and citizen of Haiti, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to terminate proceedings and dismissing her appeal from an immigration

judge's ("IJ's") decision denying her applications for asylum, withholding of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We review for abuse of discretion the BIA's denial of a motion to terminate.  *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020).  We grant in part and deny in part the petition for review, and remand.

The BIA found no clear error in two factual findings the IJ relied on in support of an adverse credibility determination.  Substantial evidence does not support these findings.  Substantial evidence does not support the agency's finding that Salomon's testimony regarding who reported her uncle's murder to police was inconsistent with the police report, because she was not provided a reasonable opportunity to explain.  *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004) (reversing negative credibility finding because, among other things, applicant was denied a reasonable opportunity to explain a perceived inconsistency).  Substantial evidence also does not support the agency's reliance on an internal inconsistency in the police report.  *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) ("When an inconsistency is cited as a factor supporting an adverse credibility determination, that inconsistency should not be a mere trivial error such as a misspelling, and the petitioner's explanation for the inconsistency, if any, should

be considered in weighing credibility." (internal quotation marks and citation omitted)). Thus, we grant the petition for review and remand Salomon's asylum, withholding of removal, and CAT claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Salomon's contention that the IJ lacked jurisdiction over her proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

Each party must bear its own costs for this petition for review.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**