**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MEIYU HE,

        Petitioner,

v.

PAMELA BONDI, Attorney General,

        Respondent.

No.   23-2541

Agency No. A215-610-089

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

Meiyu He ("He"), a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of her appeal of an Immigration

Judge's ("IJ") denial of her applications for asylum and withholding of removal.

We deny the petition for review.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (cleaned up)). We review the agency's denials of asylum and withholding of removal under the substantial evidence standard. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We also review adverse credibility determinations for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021); 8 U.S.C. § 1158(b)(1)(B)(iii). Under the substantial evidence standard, we must uphold the agency determination unless the evidence compels a contrary conclusion. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).

Because the parties are familiar with the history of the case, we need not recount it here.

I

Substantial evidence supports the agency's adverse credibility determination, and therefore also supports its conclusion that He did not meet her

burden to prove eligibility for asylum and withholding of removal. *See Garcia v. Holder*, 749 F.3d 785, 790–91 (9th Cir. 2014). The IJ must "base credibility determinations on 'the totality of the circumstances, and all relevant factors.'" *Kumar*, 18 F.4th at 1151 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see also* 8 U.S.C. § 1229a(c)(4)(C). IJs can consider plausibility, inconsistencies, and inaccuracies when making an adverse credibility determination. *Barseghyan v. Garland*, 39 F.4th 1138, 1142–43 (9th Cir. 2022). For each factor considered in the adverse credibility determination, the IJ must articulate "specific instances in the record" that support the adverse credibility finding. *Id.* at 1142. The IJ also must provide the applicant with the opportunity to explain each inconsistency. *Id*; *see also Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021).

Inconsistencies need not go to "the heart of the petitioner's claim," but "when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). The BIA and IJ are permitted to afford substantial weight to an "inconsistency [that] bears directly on [the petitioner's] claim of persecution." *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017). Not every cited ground must be supported by substantial evidence for the overall adverse credibility determination to be supported. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam).

3

II

The IJ based the adverse credibility determination on three inconsistencies, one point on which the IJ found He's testimony implausible, and one omission in He's personal statement.

The IJ identified three inconsistencies between He's testimony and the birth certificate she submitted as supporting evidence. The IJ gave He an opportunity to explain each inconsistency and gave specific and cogent reasons for rejecting her explanations. Although two of the three inconsistencies were minor and likely too insignificant alone to support an adverse credibility finding, the inconsistency regarding He's age when her daughter was born bears directly on He's claim of persecution and thus the IJ and BIA were permitted to afford substantial weight to this inconsistency.

Second, the IJ also determined that He's testimony regarding the demolishment of her home was implausible given the home's address was listed on the household registry she submitted as supporting evidence. The IJ again gave He the opportunity to explain the plausibility of the claim, and provided specific reasons for rejecting her explanation.

Third, the IJ also considered the discrepancy between He's testimony about her husband's beating and detention and the omission of such details from her personal statement. The IJ gave He the opportunity to explain the omission and provided a sound reason for rejecting He's proposed explanation.

## III

In sum, the BIA's conclusion that the IJ properly denied He's asylum and withholding of removal claims on adverse credibility grounds is supported by substantial evidence. The BIA and IJ provided specific and cogent reasons for why the inconsistencies between He's statements and other evidence in the record, as well as the omissions from her personal statement and the implausibility of one of her claims, undermined her credibility. Because the BIA's adverse credibility determination is supported by substantial evidence, He cannot satisfy her burden of proving she is eligible for asylum and withholding of removal.

**PETITION DENIED.**