NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERESHTEH DAVOODI; MOHAMMAD HOSSEIN SAADATGHALATI,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1461

Agency Nos.
A201-311-378
A201-311-379

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2025\*\*
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

Fereshteh Davoodi and Mohammad Hossein Saadatghalati (Petitioners) are

Iranian citizens and nationals who seek review of a Board of Immigration Appeals

("BIA") order dismissing their appeal of an immigration judge's ("IJ") removal

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order. We grant their petition, vacate the BIA's decision, and remand for further proceedings.

We have jurisdiction to review the BIA's order of removal under 8 U.S.C. § 1252. When the BIA agrees with an IJ's decision and reasoning, we review both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). "We review the BIA's interpretation of purely legal questions de novo." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (citation omitted). "We review factual findings, including those that underlie eligibility determinations for asylum and related relief, under the substantial evidence standard." *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024) (citation omitted). We review adverse credibility determinations for substantial evidence. *Shrestha*, 590 F.3d at 1039.

1. Petitioners argue that the BIA and IJ improperly based their adverse credibility determination on "minor inconsistencies." Although "an utterly trivial inconsistency, such as a typographical error, will not by itself form a sufficient basis for an adverse credibility determination[,] . . . when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha*, 590 F.3d at 1043, 1047. Here, Davoodi sought asylum, withholding, and CAT protection on account of her conversion from Islam to Christianity. To support her claims, she adduced various copies of a certificate attesting to her licensure as a "pastor" in her church's "ladies ministry" that were identical except for different dates. One version of this

certificate predated Davoodi's entry into the United States, and thus her asserted conversion to Christianity. "Given the relevance of these documents to [Davoodi's] claim, even minor issues with the documents may be given substantial weight by the Board" and IJ. *See Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017). Davoodi likewise provided inconsistent testimony as to whether she recognized that one of those documents predated her asserted conversion to Christianity. Because this inconsistent testimony, like the underlying documents, went to "the heart of [her] claim," it was of "great weight." *See Shrestha*, 590 F.3d at 1047. The BIA and IJ did not err in relying on Davoodi's inconsistent documentary evidence and testimony to find her not credible.

2. Petitioners argue that the BIA and IJ erred by "categorically discredit[ing]" Davoodi's nontestimonial documentary evidence. "With respect to documentary evidence . . . when rejecting the validity of a document admitted into evidence, an IJ must provide a specific, cogent reason for rejecting it, and this reason must bear a legitimate nexus to that rejection." *Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir. 2000). Here, although the IJ rejected Davoodi's ladies' ministry certificates for being potentially "fraudulent," the IJ never explained why she rejected the rest of Davoodi's evidence, including Davoodi's baptismal certificate, photographs of her baptism, and a letter from a multiethnic church describing her religious activities. Although this evidence supports Davoodi's claims that she will be persecuted and

tortured in Iran for being Christian, the IJ merely stated that "[t]he Court gives the appropriate amount of weight to the Respondent's documentary evidence," without clarifying what that weight was. On appeal, the BIA similarly stated that "the remaining evidence was not sufficiently persuasive to carry the respondent's burden of proof." The BIA, which adopted the IJ's decision in full, reached this conclusion even though the IJ determined "that the country conditions evidence corroborates the circumstances that Christians and women experience in Iran." In such a case, "where there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (granting a petition for review, vacating the BIA's decision, and remanding for "reasoned consideration" of "documentary evidence").

The BIA did not give reasoned consideration to Davoodi's documentary evidence. We therefore **GRANT** Davoodi's petition, **VACATE** the BIA's decision, and **REMAND** for consideration of the entire record and a reasoned explanation as to whether Davoodi is eligible for asylum, withholding, and CAT protection.

24-1461